IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus T. Drayton, <br><br> Petitioner, <br><br> v. <br><br> Director, Alvin S. Glenn Detention Center, <br><br> Respondent. | C/A No. 0:22-4442-JFA-PJG <br><br> **ORDER** |

Petitioner Marcus T. Drayton ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition and Petitioner's subsequent filings, the Magistrate Judge assigned to this action[1] issued a thorough Report and Recommendation ("Report"). (ECF No. 16). Within the Report, the Magistrate Judge opines that the petition should be dismissed because Petitioner has failed to exhaust his state administrative remedies as required prior to filing the instant petition pursuant to § 2254. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Petitioner was advised of his right to object to the Report, which was entered on the docket on January 26, 2023. *Id.* The Magistrate Judge required Petitioner to file objections by February 9, 2023. *Id.* Petitioner failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner contends his Sixth Amendment right to a speedy trial is being violated by his continued detention at Alvin S. Glenn Detention Center. Petitioner indicates his court appointed attorney filed a motion for a speedy trial in May of 2022 which was granted yet Petitioner is still awaiting trial. Because Petitioner has failed to raise this issue with the highest court in this state, the Magistrate Judge correctly concluded Petitioner has failed to exhaust his state administrative remedies. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."); *See also* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus…shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State…").

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes

the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 16). Consequently, the petition is dismissed without prejudice. (ECF No. 1).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

March 6, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."